UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON STANFIELD,

    Plaintiff,

vs.

BOAR'S HEAD PROVISIONS CO., INC,
a Florida corporation

    Defendant.

Case No. 1:10-cv-171
Hon. Robert Holmes Bell

_____

Jason J. Thompson (P47184)
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075
248-355-0300

Robert Alvarez (P66954)
LAW OFFICE of JOSE A. SANDOVAL, PC
4543 S Division Avenue
Wyoming, MI 49548
616-257-6807

Matthew L. Turner (P48706)
TURNER & TURNER, P.C.
26000 W 12 Mile Rd.
Southfield, MI 48034
248-355-1727

*Plaintiffs' Counsel*

_____

# FIRST AMENDED FLSA COLLECTIVE AND STATE WAGE AND HOUR CLASS ACTION COMPLAINT AND JURY DEMAND

NOW COMES the above named Plaintiff, by and through his attorneys, and for his complaint states as follows:

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

**PRELIMINARY STATEMENT**

1. This is a civil action brought on behalf of the above named Plaintiff, and all similarly situated workers who worked for Defendant Boar's Head Provisions, Co., Inc (hereinafter referred to as "**Defendant**") in Holland, Michigan and other locations in Michigan during the past three years. Plaintiff worked primarily in Defendant's Security Department. Plaintiff complains that Defendants engaged in a pattern or practice of unlawful conduct which resulted in the violation of his rights under the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 28 USC 201 *et seq.*, or alternatively, the Michigan Minimum Wage Law (hereinafter referred to as "MMWL"), MCL § 408.382 *et seq*.

2. Named Plaintiff was an employee who is entitled to overtime compensation, and prompt payment of amounts that the employer owes an employee when the employee works, quits, or is terminated, and other compensation and working conditions that are prescribed by law.

3. Although Defendant required their employees to work more than forty (40) hours a week and/or more than eight (8) hours in a workday and/or on the seventh (7th) day of a workweek, as a matter of policy and practice, Defendant consistently denied them the required overtime, and other compensation required by law.

4. Named Plaintiff and others similarly situated (hereinafter referred to as "Michigan FLSA Plaintiffs"), in general, are insular minorities who have limited or no proficiency in the English language and are unfamiliar with labor protections provided by federal law and the laws of Michigan.

5. Plaintiffs seek a declaration that their rights have been violated, an award of unpaid wages, an award of liquidated damages, an award of attorney fees and costs to make them whole for

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

damages they have suffered, and to ensure that they and future workers will not be subjected by the Defendant to such illegal conduct in the future.

## JURISDICTION

6. This Court has jurisdiction over Plaintiffs' FLSA claims, pursuant to 28 USC 1331, 1332(d), and 1337, and Section 16(b) of the FLSA, 29 USC 216(b).

7. This Court also has supplemental jurisdiction over State wage and hour claims, pursuant to 28 USC 1367, because the claims derive from a common nucleus of operative fact.

## PARTIES

8. Plaintiff Vernon Stanfield resided in Michigan at all relevant times.

9. Named Plaintiff and Michigan FLSA Plaintiffs (hereinafter referred to as "Plaintiffs") bring this action on behalf of all current and former persons who were, are, or will be employed Defendant's Security Department at any time within the three years prior to the filing of the initial complaint and through the final disposition of this action, who were, are or will be eligible for but did not receive overtime compensation or proper wages.

10. Defendant Boar's Head Provisions Company, Inc., is incorporated in the state of Delaware with headquarters in Sarasota, Florida, registered as a foreign profit corporation with the Michigan Secretary of State, and whose resident agent is The Corporation Company, 30600 Telegraph Road, Ste. 2345, Bingham Farms, MI 48025.

## VENUE

11. Venue is proper in this Court pursuant to 28 USC 1391(b) and (c).

12. This Court has personal jurisdiction over Defendant because they are registered with the Michigan Secretary of State, are doing business in Michigan State, and committed the wrongful conduct against Plaintiff and certain members of the Class in this district.

## FACTUAL ALLEGATIONS

13. Defendant, as a matter of corporate policy, practice, and procedure, and in violation of the MMWL and the applicable provisions of the FLSA, intentionally, knowingly, and willfully did not pay Plaintiffs' premium compensation required for hours worked, overtime wages, and conducted practices in order to avoid the payment of overtime wages by requiring via company policy, but not paying employees for, reporting to work 15 minutes early every day for shift change instructions.

14. At all times relevant to this action, reporting to work 15 minutes early every day pertained to time spent by Plaintiffs, at the beginning of work shifts, in order to receive shift change instructions, which was required and unique to their job.

15. As a matter of practice Plaintiffs were required to report to work 15 minutes early every day for shift change instructions prior to the start of their scheduled shift.

16. At all times relevant to this action, Defendant was Plaintiffs' "employers" within the meaning of the FLSA, 29 USC 203(d) and the MMWL, MCL § 408.382(c).

17. At all times relevant to this action, Defendant "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs within the meaning of the FLSA, 29 USC 203(g), and the MMWL, MCL § 408.382(d).

18. At all times relevant to this action, Plaintiff were "employees" of the Defendant within the meaning of the FLSA, 29 USC 203(e)(1) and the MMWL, MCL § 408.382(b).

19. Defendant provided Plaintiffs with the employee manual and operations manual for security personnel.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

5

      20.    At all times relevant to this action, Defendant was the owner and/or operator of Boar's Head Provisions located at 284 Roost Ave, Holland, MI 49424.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

Case 1:10-cv-00171-RHB    Document 3    Filed 03/08/2010    Page 5 of 14

**COLLECTIVE ACTION ALLEGATIONS**

21.   All claims set forth in Count I of this action are brought pursuant to the FLSA, 29 USC 216(b). Named Plaintiff brings this count on his own behalf and on behalf of all other current or former employees who (1) worked in Defendant's Security Department at any time in the three years prior to the filing of this action, and (2) were or are subject to the violations of the FLSA described in Count I.  Named Plaintiff does not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA, or employees in other departments.

22.   With respect to Count I, a collective action under the FLSA is appropriate because under 29 USC 216(b) the employees described are "similarly situated" to the named Plaintiff.

23.   The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiff, were or are subject to the same or similar unlawful practices, policy or plan as the individually named Plaintiff, and their claims are based upon the same legal theory as those of named Plaintiff.

24.   The precise numbers of class individuals are known only to the Defendant, and are believed to include over forty (40) individuals.

**CLASS ALLEGATIONS**

25.   Named Plaintiff brings Count I of this action on behalf of a class of all similarly situated workers defined as: "All persons employed by Boar's Head Provisions in its Security Department at any time during the last three years who were required to report to work 15 minutes early every day prior to shift change to exchange information with the off going shift and to allow

the off going shift to clock out on time." Plaintiff does not bring Counts I on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

26. All claims set forth in Counts II, III, and IV are brought by Plaintiff in the alternative, on behalf of himself and all other similarly situated persons pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

27. The class is believed to include over forty (40) individuals. The relatively small size of the individual claims and the multitude of the class members make the maintenance of separate actions by each class member economically unfeasible. Joinder of all class members is impractical.

28. There are questions of fact common to the class. The common questions of fact include, but are not limited to:

    a. whether Defendant engaged in a pattern or practice of failing to pay Plaintiffs all wages when due in accordance with the MMWL;

    b. whether Defendant engaged in a pattern or practice of failing to provide accurate wages to Plaintiffs as required under the MMWL;

    c. whether Plaintiffs and members of the proposed class are entitled to actual or liquidated damages and the other requested relief.

29. Certification of a class of persons who may receive relief pursuant to Counts II, III, and IV is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because:

    a. the class is so numerous that it is impractical to bring all its members before this Court on information and belief that the class consists of more than 40 workers;

    b. there are questions of law and fact common to the class;

    c. named Plaintiff's claims are typical of those of the class;

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

  d. named Plaintiff will fairly and adequately protect the interests of the class, and Plaintiff has retained counsel experienced in matters of this type;

  e. questions of law common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

  f. testimony and evidence about Defendant's employment and practices will affect and apply to the claims of all class members. Purely individual questions will be restricted to damage questions should liability be established. If no class action is certified, it will make it impractical for individual class members to pursue relief or may lead to a large number of separate lawsuits, all of which will rely on the same kind of proof and take roughly the same amount of time, causing an unnecessary burden on the Courts.

## FACTS COMMON TO ALL COUNTS

30. Plaintiffs routinely worked over eight (8) hours per day, forty (40) hours per week, seven (7) days a week, and received pay on a weekly basis.

31. In each of the relevant years, Plaintiffs were provided with an operations manual to be used by security personnel which outlined the duties and responsibilities of the Plaintiffs.

32. Among the duties proscribed to the Plaintiffs in the operations manual was the requirement to "[r]eport for duty 15 minutes prior the start of shift to exchange information with outgoing shift…." (See Exhibit 1)

33. Plaintiffs were not paid, however, until the start of their shift.

34. Defendant did not start paying Plaintiffs based on their arrival time, but rather, at the start of their shift. Defendant paid Plaintiffs up until their punch out time.

8

35. Plaintiffs were required to report to work 15 minutes early every day for shift change instructions.

36. As a result of reporting to work 15 minutes early every day, Plaintiffs were denied a full fifteen (15) minutes of overtime pay, every day.

37. As a matter of practice Defendant applied to all Plaintiffs, Plaintiffs were not properly compensated for all the time they were suffered or permitted to work.

38. As a result of Defendant's practice, Plaintiffs did not receive premium wages for time worked and overtime premium as mandated by the FLSA, the MMWL, and the Employee Manual.

39. At all relevant times, as described above, Defendant "suffered or permitted" Plaintiffs to work or provide services to them as used in the FLSA and MMWL.

40. During their employment with Defendant, Plaintiffs generally worked in excess of forty (40) hours in a work week.

41. Defendant did not pay Plaintiffs wages for all hours worked.

42. Defendant did not pay Plaintiffs the overtime premium for all hours worked in excess of forty (40) hours per week.

43. Defendant misrepresented Plaintiffs' rights under the FLSA by requiring them to report to work 15 minutes early every day for shift change instructions, as per Defendant's Post Orders for its Security Officers.

44. Defendant misrepresented Plaintiffs' rights under the FLSA by requiring them to report for duty prior to the start of their shift and by not paying them for that time.

### COUNT I
### Violation of the Federal Fair Labor Standards Act, 29 USC 201 *et seq*. – Failure to Pay Overtime Wages and pay for all hours worked

45. Plaintiff incorporates the above referenced paragraphs.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

46. Pursuant to 29 USC 216(b), named Plaintiffs have consented or will consent in writing to be party Plaintiffs in this FLSA action.

47. The FLSA, 29 USC 207, provides that an employer must pay an employee one and a half times the employee's regular rate for hours in excess of forty hours per week.

48. Defendant violated the FLSA since Plaintiffs were not all at times paid a rate of one and a half times their regular rates for hours worked in excess of forty (40) hours.

49. Plaintiffs are victims of a uniform and company wide enterprise which operates to compensate them at a rate less than the federally mandated overtime wage rate. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all employees who have worked for Defendant in its Security Department.

50. Defendant's violations of the FLSA were willful because they knew their obligations under the FLSA, but deliberately chose not to follow them. Defendant's failure to pay Plaintiffs for all hours worked, and their failure to pay overtime, were intentional violations of the FLSA.

51. The FLSA, 29 USC 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney fees.

52. As a result of Defendant's violation, each Plaintiff is entitled to his or her unpaid overtime wage plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II
### Breach of Employee Agreement

53. Plaintiff incorporates the above referenced paragraphs.

54. Defendant offered Plaintiffs employment and made representations regarding employment.

55. Specifically, Defendant agreed to abide by the terms of the "Employee Manual" which Plaintiffs had to agree to be bound by in order to be employed by Defendant.

56. Based on this agreement and verbal offers made by Defendant, Plaintiffs worked additional hours, in excess of forty (40) hours per week, but did not receive wages as per the agreement.

57. Defendant breached the employee manual by failing to comply with the promised terms and conditions of employment, particularly, by not paying proper double-time for the seventh consecutive day of work and holidays, and not paying proper overtime.

58. Due to Defendant violating its employment agreement, Plaintiffs lost the benefit of the additional compensation promised.

## COUNT III
### Violation of the Michigan Minimum Wage Law of 1964, M.C.L.A. §408.381 et seq.

59. Plaintiff incorporates the above referenced paragraphs.

60. The MMWL, MCL § 408.384 (a)(1), requires that an employer pay its employees one-and-a-half times their regular hourly rate for the hours worked in excess of forty hours in each work week.

61. Defendant did not pay Plaintiffs one-and-a-half times their regular hourly rate for the hours worked in excess of forty hours.

62. The Michigan Minimum Wage Law, MCL § 408.393(1)(a), provides that as a remedy for a violation of the Act, an employee is entitled to "...the difference between the amount paid and the amount that...[should] have been paid...and an equal additional amount as liquidated damages together with costs and such reasonable attorney fees."

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

11

**COUNT IV**
**Unjust Enrichment**

63.  Plaintiff incorporates the above referenced paragraphs.

64.  Plaintiffs conferred a benefit to the employer Defendant for the work provided by Plaintiffs during their period of employment.

65.  Plaintiffs conferred a benefit to Defendant by reporting to work 15 minutes early every day for shift change instructions. These amounts were unlawfully deducted from Plaintiffs' paychecks.

66.  Pursuant to Michigan common law, it is inequitable for employer Defendant to retain the benefit of the work performed without appropriately compensating Plaintiffs and for Defendant to retain the benefits of the amounts unlawfully deducted from Plaintiffs paychecks.

67.  As a result of Defendant's conduct, Plaintiffs have suffered a loss of substantial income.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests the following relief:

1.  Certifying this case as a collective action in accordance with 29 USC 216(b) with respect to the FLSA claims set forth in Count I;

2.  Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Counts I, II, III, and IV;

3.  Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Named Plaintiff to send notice of this action to all those similarly situated individuals;

4.  Designation of Named Plaintiff as Representative of the Plaintiffs;

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

5. Declaring that Defendants willfully violated the Fair Labor Standards Act and their attendant regulations as set forth in Count I;

6. Declaring that Defendants violated their obligations under the FLSA and the MMWL, and breached Plaintiffs' Employee Agreement.

7. Granting judgment in favor of Plaintiffs and against Defendants, jointly and severally, on Plaintiffs' Fair Labor Standards Act claim as set forth in Count I and awarding each the amount of his/her unpaid overtime wages, along with an equal amount as liquidated damages;

8. Granting judgment in favor of Plaintiffs in an amount to be determined at trial for the violations of Counts II, III, and IV;

9. Awarding Plaintiffs the costs of this action;

10. Awarding Plaintiffs reasonable attorneys fees pursuant to the FLSA, 28 USC 201 *et seq*.;

11. Awarding Plaintiffs pre- and post-judgment interest on their damages;

12. Whatever additional relief the Court deems just and proper.

Dated:  March 8, 2010

/s/ Jason J. Thompson (P47184)
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075
248-355-0300

Robert Alvarez (P66954)
LAW OFFICE of JOSE A. SANDOVAL, PC
4543 S Division Avenue
Wyoming, MI 49548
616-257-6807

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

Matthew L. Turner (P48706)
TURNER & TURNER, P.C.
26000 W 12 Mile Rd.
Southfield, MI 48034
248-355-1727

*Plaintiffs' Counsel*

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial.

Dated:  March 8, 2010

/s/ Jason J. Thompson (P47184)
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075
248-355-0300

Robert Alvarez (P66954)
LAW OFFICE of JOSE A. SANDOVAL, PC
4543 S Division Avenue
Wyoming, MI 49548
616-257-6807

Matthew L. Turner (P48706)
TURNER & TURNER, P.C.
26000 W 12 Mile Rd.
Southfield, MI 48034
248-355-1727

*Plaintiffs' Counsel*